16JE-CC00541

Electronically Filed - Jefferson - August 18, 2016 - 11:41 AM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEITH REESE, | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| vs. | ) |
| | ) Division: |
| HOYT ARCHERY, EASTON TECHNICAL PRODUCTS, INC., and CABELA'S RETAIL MO, LLC, | ) |
| Defendant. | ) |
| | ) Personal Injury: |
| | ) Products Liability |
| | ) In excess of $25,000.00 |

## PETITION

COMES NOW plaintiff, Keith Reese, by and through his attorneys, and for his cause of actions states the following:

### ALLEGATIONS COMMON TO ALL COUNTS

1. That at all times relevant to this action plaintiff was a resident and citizen of State of Missouri, County of Jefferson.

2. That at all times relevant to this action defendant Hoyt Archery was a corporation headquartered in Salt Lake City, Utah and was, in part, in the business of designing, manufacturing and selling the Hoyt bow and its component parts. It does business in Jefferson County, Missouri.

3. Easton Technical Products, Inc. is a foreign corporation headquartered in Salt Lake City, Utah and it owns Hoyt Archery.

4. That at all times relevant to this action defendant Cabela's Retail MO, LLC, was a Missouri registered corporation and was, in part, in the business of selling and distributing Hoyt bows and its component parts.



5. That at all times relevant to this action Cabela's Retail MO, LLC was a sporting goods store in the business, in part, of selling archery equipment as well as customizing and assembling bows, including the bow at issue in this case.

6. That prior to August 18, 2011 plaintiff purchased a Hoyt archery bow from Cabela's Retail MO, LLC, Missouri.

7. That plaintiff, on August 18, 2011, was using said Hoyt bow for target practice when it exploded upon release severely injuring his arm, wrist and hand and the parts thereof.

## COUNT I

### Negligence Count vs. Hoyt Archery

8. That it was entirely foreseeable to and well known by Hoyt Archery that accidents and incidents involving its bows, such as occurred herein, and that bows would "fail" during the ordinary use of the product.

9. Defendant owed a duty to plaintiff to design, manufacture, fabricate, sell and maintain archery bow such that they would be in a reasonably safe condition at the time herein mentioned. Those defects that defendant could not remove through the design, manufacture and fabrication process. Defendant owed a duty to warn against.

10. That at the time of plaintiff's injuries, Defendant Hoyt Archery was negligent and careless in its development, manufacture, packaging and sale of the bow in one or more of the following respects to with:

   a. Defendant Hoyt Archery was negligent in the design, manufacture, assembly, marketing, and testing of the product in question;
   b. Defendant Hoyt Archery negligently manufactured the bow in a manner that created a structural weakness which thereby caused serious injury to plaintiff;
   c. Defendant Hoyt Archery negligently designed the bow such that it shattered when used in a normal and intended manner;

d. Defendant Hoyt Archery failed to warn plaintiff of said hazards and thereby caused serious injury to plaintiff;

e. Defendant Hoyt Archery failed to properly instruct plaintiff of safe use of said bow and thereby caused serious injury to plaintiff;

f. Defendant Hoyt Archery failed to properly label the bow as to its hazardous and dangerous propensities and thereby caused serious injury to plaintiff, and;

g. Defendant Hoyt Archery failed to take the necessary steps to assure that a safer bow was available.

11. That all injuries are permanent and painful and will continue to be so in the future.

12. That as a direct result of the negligence and carelessness of the defendants, jointly and severally, plaintiff accumulated medical bills in excess of $10,000.00 and will continue to accumulate bills in the future.

13. That as a direct result of the negligence of the defendants, jointly and severally, plaintiff suffered lost wages.

WHEREFORE Plaintiff prays the court to enter judgment against defendant Hoyt Archery in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT II

### Strict Liability Count vs. Hoyt Archery

14. Plaintiff restates and re-alleges each and every allegation contained in this petition as if it were fully laid out herein.

15. That at the time of plaintiff's injuries, the bow was being used in a manner reasonably anticipated by defendant Hoyt Archery.

16. That at the time of plaintiff's injuries, the bow in question, designed, sold and manufactured by defendant Hoyt Archery was unreasonably dangerous and defective when put to its reasonable use in the following respects, to wit:

a.  The bow was defectively designed, manufactured, assembled, marketed, labeled, and tested by Defendant Hoyt Archery;
b.  That the bow was defective and unreasonably dangerous in its design and manufacture in that the aforesaid bow created a dangerous condition by it being structurally weak enough to fail during normal and intended use;
c.  That the bow created a defective and dangerous condition in its design, manufacture, marketing, and sale in that it failed to warn of its dangerous propensities, and;
d.  That said bow was inadequately labeled as to its dangerous and hazardous propensities.

17. That the foregoing acts and/or omissions of defendant Hoyt Archery were a direct and proximate cause of the plaintiff's damages as set forth in count one of this petition.

WHEREFORE plaintiff prays the court to enter judgment against defendant Hoyt Archery in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT III

### Breach of Warranty Against Hoyt Archery

18. That plaintiff restates and re-alleges each and every count alleged in this Petition as if it were more fully set forth herein.

19. That defendant Hoyt Archery expressly implied and warranted that the bow was reasonably fit for the particular purpose and use for which it was intended and purchased.

20. That defendant Hoyt Archery breached its aforesaid warranties.

21. That the foregoing acts and/or omissions of defendant Hoyt Archery were a direct and proximate cause of Plaintiff's damages as set forth in count one of this petition.

WHEREFORE Plaintiff prays the court to enter judgment against defendant Hoyt Archery in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT IV

### Negligence Count vs. Easton Technical Products, Inc.

22. That it was entirely foreseeable to and well known by Easton that accidents and incidents involving its bows, such as occurred herein, and that bows would "fail" during the ordinary use of the product.

23. Defendant owed a duty to plaintiff to design, manufacture, fabricate, sell and maintain archery bow such that they would be in a reasonably safe condition at the time herein mentioned. Those defects that defendant could not remove through the design, manufacture and fabrication process. Defendant owed a duty to warn against.

24. That at the time of plaintiff's injuries, Defendant Easton Technical Products, Inc. was negligent and careless in its development, manufacture, packaging and sale of the bow in one or more of the following respects to with:

   a. Defendant Easton Technical Products, Inc. was negligent in the design, manufacture, assembly, marketing, and testing of the product in question;
   h. Defendant Easton Technical Products, Inc. negligently manufactured the bow in a manner that created a structural weakness which thereby caused serious injury to plaintiff;
   i. Defendant Easton Technical Products, Inc. negligently designed the bow such that it shattered when used in a normal and intended manner;
   j. Defendant Easton Technical Products, Inc. failed to warn plaintiff of said hazards and thereby caused serious injury to plaintiff;
   k. Defendant Easton Technical Products, Inc. failed to properly instruct plaintiff of safe use of said bow and thereby caused serious injury to plaintiff;
   l. Defendant Easton Technical Products, Inc. failed to properly label the bow as to its hazardous and dangerous propensities and thereby caused serious injury to plaintiff, and;
   m. Defendant Easton Technical Products, Inc. failed to take the necessary steps to assure that a safer bow was available.

25. That all injuries are permanent and painful and will continue to be so in the future.

26.  That as a direct result of the negligence and carelessness of the defendants, jointly and severally, plaintiff accumulated medical bills in excess of $10,000.00 and will continue to accumulate bills in the future.

27.  That as a direct result of the negligence of the defendants, jointly and severally, plaintiff suffered lost wages.

WHEREFORE Plaintiff prays the court to enter judgment against defendant Easton Technical Products, Inc. in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT V

### Strict Liability Count vs. Easton Technical Products, Inc.

28.  Plaintiff restates and re-alleges each and every allegation contained in this petition as if it were fully laid out herein.

29.  That at the time of plaintiff's injuries, the bow was being used in a manner reasonably anticipated by defendant Easton Technical Products, Inc..

30.  That at the time of plaintiff's injuries, the bow in question, designed, sold and manufactured by defendant Easton Technical Products, Inc. was unreasonably dangerous and defective when put to its reasonable use in the following respects, to wit:

   a.  The bow was defectively designed, manufactured, assembled, marketed, labeled, and tested by Defendant Easton Technical Products, Inc.;
   b.  That the bow was defective and unreasonably dangerous in its design and manufacture in that the aforesaid bow created a dangerous condition by it being structurally weak enough to fail during normal and intended use;
   c.  That the bow created a defective and dangerous condition in its design, manufacture, marketing, and sale in that it failed to warn of its dangerous propensities, and;
   d.  That said bow was inadequately labeled as to its dangerous and hazardous propensities.

31. That the foregoing acts and/or omissions of defendant Easton Technical Products, Inc. were a direct and proximate cause of the plaintiff's damages as set forth in count one of this petition.

WHEREFORE plaintiff prays the court to enter judgment against defendant Easton Technical Products, Inc. in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT VI

### Breach of Warranty Against Easton Technical Products, Inc.

32. That plaintiff restates and re-alleges each and every count alleged in this Petition as if it were more fully set forth herein.

33. That defendant Easton Technical Products, Inc. expressly implied and warranted that the bow was reasonably fit for the particular purpose and use for which it was intended and purchased.

34. That defendant Easton Technical Products, Inc. breached its aforesaid warranties.

35. That the foregoing acts and/or omissions of defendant Easton Technical Products, Inc. were a direct and proximate cause of Plaintiff's damages as set forth in count one of this petition.

WHEREFORE Plaintiff prays the court to enter judgment against defendant Easton Technical Products, Inc. in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT VII

### Negligence Count vs. Cabela's Retail MO, LLC

36. That it was entirely foreseeable to and well known by Cabela's Retail MO, LLC that accidents and incidents involving its bows, such as occurred herein, and that bows would "fail" during the ordinary use of the product.

37. Defendant owed a duty to plaintiff to sell and maintain archery bows such that each would be in a reasonably safe condition at the time herein mentioned.

38. That at the time of plaintiff's injuries, Defendant Cabela's Retail MO, LLC was negligent and careless in its development, packaging and sale of the bow in one or more of the following respects, to wit:

   a. Defendant Cabela's Retail MO, LLC was negligent in the assembly, marketing, testing and sale of the product in question;
   b. Defendant Cabela's Retail MO, LLC failed to warn plaintiff of said hazards associated with failure of its bows and thereby caused serious injury to plaintiff;
   c. Defendant Cabela's Retail MO, LLC failed to properly instruct plaintiff of safe use of said bow and thereby caused serious injury to plaintiff;
   d. Defendant Cabela's Retail MO, LLC failed to properly label or tag the bow as to its hazardous and dangerous propensities to fail and thereby caused serious injury to plaintiff, and;
   e. Defendant Cabela's Retail MO, LLC failed to take the necessary steps to assure that a safer bow was available.

39. That all injuries are permanent and painful and will continue to be so in the future.

40. That as a direct result of the negligence and carelessness of the defendants, jointly and severally, plaintiff accumulated medical bills in excess of $10,000.00 and will continue to accumulate bills in the future.

41. That as a direct result of the negligence of the defendants, jointly and severally, plaintiff suffered lost wages.

Electronically Filed - Jefferson - August 18, 2016 - 11:41 AM

WHEREFORE Plaintiff prays the court to enter judgment against defendant Cabela's Retail MO, LLC in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT VIII

### Strict Liability Count vs. Cabela's Retail MO, LLC

42. Plaintiff restates and re-alleges each and every allegation contained in this petition as if it were fully laid out herein.

43. That at the time of plaintiff's injuries, the bow was being used in a manner reasonably anticipated by defendant Cabela's Retail MO, LLC.

44. That at the time of plaintiff's injuries, the bow in question, was sold and marketed by defendant Cabela's Retail MO, LLC was unreasonably dangerous and defective when put to its reasonable use in the following respects, to wit:

   a. The bow was defectively assembled, marketed, labeled, tested and sold by Defendant Cabela's Retail MO, LLC;
   b. That the bow was defective and unreasonably dangerous in its design and manufacture in that the aforesaid bow created a dangerous condition by it being structurally weak enough to fail during normal and intended use;
   c. That the bow created a defective and dangerous condition in its design, manufacture, marketing, and sale in that it failed to warn of its dangerous propensities, and;
   d. That said bow was inadequately labeled as to its dangerous and hazardous propensities.

45. That the foregoing acts and/or omissions of defendant Cabela's Retail MO, LLC were a direct and proximate cause of the plaintiff's damages as set forth in count one of this petition.

WHEREFORE plaintiff prays the court to enter judgment against defendant Cabela's Retail MO, LLC in an amount in excess of $25,000.00 together with his costs herein expended.

## COUNT IX

### Breach of Warranty Against Cabela's Retail MO, LLC

46. That plaintiff restates and re-alleges each and every count alleged in this Petition as if it were more fully set forth herein.

47. That defendant Cabela's Retail MO, LLC expressly implied and warranted that the bow was reasonably fit for the particular purpose and use for which it was intended and purchased.

48. That defendant Cabela's Retail MO, LLC breached its aforesaid warranties.

49. That the foregoing acts and/or omissions of defendant Cabela's Retail MO, LLC were a direct and proximate cause of Plaintiff s damages as set forth in count one of this petition.

WHEREFORE Plaintiff prays the court to enter judgment against defendant Cabela's Retail MO, LLC in an amount in excess of $25,000.00 together with his costs herein expended.

BY: /s/ Lanny Darr
Lanny Darr #06205283
Attorney for Plaintiff
307 Henry Street, Suite 406
P.O. Box 866
Alton, Illinois 62002
(618)208-6828
(618)433-8519 Fax
darr@darrfirm.com



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>DARRELL ERIC MISSEY | Case Number:  16JE-CC00541 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH REESE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LANNY HOWARD DARR II<br>307 Henry St.<br>STE.406<br>ALTON, IL  62002 |
| Defendant/Respondent:<br>HOYT ARCHERY | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  HOYT ARCHERY
                     **Alias:**
593 NORTH WRIGHT BROTHERS DRIV
SALT LAKE CITY, UT  84116

**COURT SEAL OF**

**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK

BY: /s/ AMY ARMBRUSTER, DEPUTY CLERK

AUGUST 22, 2016

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____(name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                                           Date                              Notary Public

**Sheriff's Fees**
Summons                                        $_____
Non Est                                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $____10.00_____
Mileage                                          $_____  (_____ miles @ $._____ per mile)
**Total**                                           $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>DARRELL ERIC MISSEY | Case Number: 16JE-CC00541 |
|---|---|
| Plaintiff/Petitioner:<br>KEITH REESE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LANNY HOWARD DARR II<br>307 Henry St.<br>STE.406<br>ALTON, IL  62002 |
| Defendant/Respondent:<br>HOYT ARCHERY | Court Address:<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO  63050 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

### Summons in Civil Case

**The State of Missouri to:** EASTON TECHNICAL PRODUCTS, INC
   **Alias:**
5040 HAROLD GATTY DR.
SALT LAKE CITY, UT  84116



**COURT SEAL OF**
**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK
BY: /s/ AMY ARMBRUSTER, DEPUTY CLERK
AUGUST 22, 2016

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____     _____
                              Date                      Notary Public

**Sheriff's Fees**
Summons                               $_____
Non Est                               $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $    10.00
Mileage                              $_____  ( _____ miles @ $._____ per mile)
**Total**                               $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division: <br> DARRELL ERIC MISSEY | Case Number: 16JE-CC00541 |
|---|---|
| Plaintiff/Petitioner: <br> KEITH REESE <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> LANNY HOWARD DARR II <br> 307 Henry St. <br> STE.406 <br> ALTON, IL 62002 |
| Defendant/Respondent: <br> HOYT ARCHERY | Court Address: <br> P O BOX 100 <br> 300 MAIN ST <br> HILLSBORO, MO 63050 |
| Nature of Suit: <br> CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CABELA'S RETAIL MO, LLC
**Alias:**
5555 ST. LOUIS MILLS BLVD.#167
HAZELWOOD, MO 63042



**COURT SEAL OF**

**JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK

BY: /s/ AMY ARMBRUSTER, DEPUTY CLERK

AUGUST 22, 2016

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                                Date                Notary Public

**Sheriff's Fees**
Summons              $ _____
Non Est              $ _____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage              $ _____ ( _____ miles @ $. _____ per mile)
**Total**            $ _____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jefferson - September 12, 2016 - 09:51 AM



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division: DARRELL ERIC MISSEY | Case Number: 16JE-CC00541 |
|---|---|
| Plaintiff/Petitioner: KEITH REESE | Plaintiff's/Petitioner's Attorney/Address LANNY HOWARD DARR II 307 Henry St. STE.406 ALTON, IL 62002 |
| vs. | |
| Defendant/Respondent: HOYT ARCHERY | Court Address: P O BOX 100 300 MAIN ST HILLSBORO, MO 63050 |
| Nature of Suit: CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CABELA'S RETAIL MO, LLC
5558 ST. LOUIS MILLS BLVD.#167
HAZELWOOD, MO 63042
Alias: CSC
221 Bolivar
J.C. mo

**COURT SEAL OF JEFFERSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

MICHAEL E REUTER, CIRCUIT CLERK
BY: /s/ AMY ARMBRUSTER, DEPUTY CLERK
AUGUST 22, 2016

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Lauren Shipley (name) Authorized Agent (title).
☐ other _____
Served at 221 Bolivar St. Jefferson City, Mo. (address)
in Cole (County/City of St. Louis), MO, on 8-24-16 (date) at 12:00 pm (time).
Rufus R. Harmon                                Rufus R. Harmon
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 08-24-2016 (date).
My commission expires: 03-03-2017
                                                Donna R. Meyr
                                                Notary Public

Sheriff's Fees,
Summons                  $ _____
Non Est                  $ _____
Sheriff's Deputy Salary
Supplemental Surcharge   $ 10.00
Mileage                  $ _____ ( ___ miles @ $ ___ per mile)
Total                    $ _____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 16-SMCC-1157      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jefferson - September 12, 2016 - 09:52 AM

# RETURN OF SERVICE
# AUTHORIZED

CIRCUIT COURT OF JEFFERSON COUNTY STATE OF MISSOURI
STATE OF MISSOURI, COUNTY OF JEFFERSON

For:
Darr Firm
307 Henry Street Suite 406
Alton IL 62002

**Keith Reese**,
Plaintiff

vs

**Hoyt Archery, Easton Technical Products Inc, and Cabela's Retail MO, LLC,**
Defendant.

Case Number: **16JE-CC00541**

I, **Mike Haggard**, state:

On **8/29/2016** at **1:19:15 PM**, I served the following: **30 Day Summons and Complaint** on **Easton Technical Products Inc** at **5040 Harold Gatty Dr Salt Lake City, ut 84116.**

By delivering a true copy of each to **Kaitlin Weyland, as Authorized to Accept** at **5040 Harold Gatty Dr Salt Lake City, ut 84116**. **Kaitlin Weyland** told me he or she was authorized to accept service for **Easton Technical Products Inc** . I told **Kaitlin Weyland** to review the documents carefully and follow any included instructions.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Deputy of the Ogden City Constable, and that the foregoing is true and correct. Executed on the date below.

X _____
Mike Haggard     08/30/2016

Job #: 1623899
Service Fee: $38.00

Wasatch Constables, 2590 Washington Blvd, Suite 300, Ogden, UT 84401-3141

# RETURN OF SERVICE
# AUTHORIZED

Circuit Court of Jefferson County State of Missouri
State of Missouri, County of Jefferson

For:
Darr Firm
307 Henry Street Suite 406
Alton IL 62002

**Keith Reese,**
Plaintiff

*vs*

**Hoyt Archery, Easton Technical Products Inc, and Cabela's Retail MO, LLC,**
Defendant.

Case Number: **16JE-CC00541**

I, Mike Haggard , state:

On **8/29/2016** at **1:24:22 PM**, I served the following: **30 Day Summons and Complaint** on Hoyt Archery at **593 N Wright Brothers Dr Salt Lake City, ut 84116.**

By delivering a true copy of each to **Tracy Larsen**, as **Authorized to Accept** at **593 N Wright Brothers Dr Salt Lake City, ut 84116. Tracy Larsen** told me he or she was authorized to accept service for **Hoyt Archery**. I told **Tracy Larsen** to review the documents carefully and follow any included instructions.

I declare under criminal penalty of the State of Utah that I am over the age of 18, have no interest in the above action, am a Deputy of the Ogden City Constable, and that the foregoing is true and correct. Executed on the date below.

X _____
Mike Haggard    08/30/2016

Job #: 1623911
Service Fee: $38.00

Wasatch Constables, 2590 Washington Blvd, Suite 300, Ogden, UT 84401-3141